United States Court of Appeals

For the Eighth Circuit

_____

No. 19-1276
_____

United States of America

*Plaintiff - Appellee*

v.

Taleb Jawher

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: December 13, 2019
Filed: February 24, 2020
_____

Before ERICKSON, MELLOY, and KOBES, Circuit Judges.
_____

MELLOY, Circuit Judge.

Taleb Jawher pleaded guilty to possessing a firearm while being an alien illegally or unlawfully in the United States under 18 U.S.C. § 922(g)(5)(A). Jawher

now appeals his judgment of conviction under Rehaif v. United States, 139 S. Ct. 2191 (2019).  Applying plain error review, we reverse.[1]

I.

Taleb Jawher was born in Kuwait in 1978 and lived in Jordan until the early 1990s.  In 1996 and 1997, Jawher suffered major injuries to his left eye, which were not adequately treated.  On May 13, 2007, Jawher came to the United States on a non-immigrant B-2 visa to receive medical treatment and a prosthetic eye.  The visa expired on June 12, 2007.  Jawher stayed in the United States and, in 2008, married a United States citizen to whom he remains married.  In 2009, Jawher and his wife filed petitions to adjust his status, which were denied.  In 2015, Jawher and his wife again filed petitions to adjust his status.  On July 28, 2015, the Department of Homeland Security (DHS) issued Jawher a Notice to Appear.  On October 1, 2015, the United States Citizenship and Immigration Services (USCIS) interviewed Jawher and his wife in connection with her still-pending petition (a Petition for Alien Relative) for his adjustment of status.

Under a work permit, Jawher worked as a clerk at a convenience store in St. Louis, Missouri.  On the evening of September 26, 2017, he fatally shot a customer with a firearm after a verbal and physical confrontation.

On November 15, 2017, a federal grand jury indicted Jawher on one count of being an alien illegally or unlawfully in the country and possessing a firearm in violation of 18 U.S.C. § 922(g)(5)(A).  On May 7, 2018, Jawher pleaded guilty to the indictment pursuant to a written agreement.  At the plea hearing, Jawher's colloquy went as follows:

---

[1]Jawher also raised sentencing-related arguments, which are moot.

> THE COURT: Do you then agree that you are an alien illegally and unlawfully in the United States?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Do you also agree that you knowingly possessed a firearm?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And finally, do you agree and admit that sometime before or during your possession of the firearm, it had been transported across a state line?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: How do you plead to the charge?
> THE DEFENDANT: Guilty.

On January 23, 2018, the district court sentenced Jawher to a term of imprisonment of 109 months.

Jawher timely appealed. Upon leave from this court, Jawher filed amended briefing, bringing arguments under Rehaif. Cf. United States v. Hollingshed, 940 F.3d 410, 415 (8th Cir. 2019) (considering a Rehaif argument properly raised in briefing following oral argument because the direct appeal was still pending).

II.

On June 21, 2019, the Supreme Court issued its decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). Hamid Rehaif originally entered the United States on a student visa so that he could attend university. His visa was dependent on him remaining a student. Rehaif was eventually dismissed from his university, which warned him that he would lose his visa status unless he enrolled elsewhere. He did not re-enroll. Rehaif later went to a shooting range and shot multiple firearms. The government prosecuted him under 18 U.S.C. § 922(g)(5)(A). A jury found Rehaif guilty after the trial judge, over Rehaif's objections, instructed the jury that the government did not need to prove that Rehaif knew he was illegally or unlawfully in

-3-

the country when he possessed firearms. The Eleventh Circuit Court of Appeals affirmed; the Supreme Court granted certiorari.

The Supreme Court reversed the conviction, holding "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif, 139 S. Ct. at 2200. The Court remanded for consideration as to whether the jury instruction was harmless.

Rehaif clarified that under 18 U.S.C. § 922(g)(5)(A), the government must prove a defendant had knowledge of his status. The Court made clear that although "[t]he defendant's status as an alien 'illegally or unlawfully in the United States' refers to a legal matter," it is merely a "collateral" question of law, and therefore, "[a] defendant who does not know that he is an alien 'illegally or unlawfully in the United States' does not have the guilty state of mind that the statute's language and purpose require." Id. at 2198.

Based on Rehaif, Jawher asserts that the district court accepted his guilty plea in error under Federal Rule of Criminal Procedure 11.² He alleges the district court did not inform Jawher of "the nature of each charge to which" he was pleading under

---

²To the extent that Jawher also challenges the indictment against him, we find no error. "An indictment is normally sufficient if its language tracks the statutory language." United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008). The language of the indictment against Jawher closely tracked the language of § 922(g)(5)(A) and sufficiently charged Jawher with being a prohibited person in possession of a firearm. See United States v. Dvorak, 617 F.3d 1017, 1027 (8th Cir. 2010) (finding the language of an indictment sufficient even where it did not include an essential knowledge element). Therefore, Jawher cannot prove that an error, let alone a plain one, exists in the indictment.

-4-

Rule 11(b)(1)(G); ensure that Jawher's plea was voluntary under Rule 11(b)(2); or determine there was a factual basis for Jawher's plea, as required by Rule 11(b)(3).

Because Jawher did not raise these arguments below, we review for plain error. Hollingshed, 940 F.3d at 415. Jawher must prove (1) an error, (2) that is plain, and (3) that affects substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993); Fed. R. Crim. P. 52(b). Additionally, under Rule 52(b), the decision to correct a plain error is within our discretion and we "should not exercise that discretion unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (alteration in original) (citation omitted).

The first two elements of plain error are easily met here. See, e.g., United States v. Balde, 943 F.3d 73, 96 (2d Cir. 2019) ("[T]he failure of the district court to advise [the defendant] that the government would need to establish beyond a reasonable doubt at trial that he knew that he was illegally present in the United States, or to examine the record to determine whether there was a factual basis for finding such knowledge, was error."). That error is now plain under Rehaif. United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) ("[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal—it is enough that an error be 'plain' at the time of appellate consideration." (alteration in original) (quoting Johnson v. United States, 520 U.S. 461, 468 (1997))).

As to the third element, we must determine whether the plain error affected Jawher's substantial rights. "A defendant asserting a Rule 11 violation satisfies the substantial-rights prong of the inquiry if he demonstrates 'a reasonable probability that, but for the error, he would not have entered the plea.'" United States v. Frook, 616 F.3d 773, 776 (8th Cir. 2010) (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004)). Therefore, in this case, Jawher argues that but for the error, he would not have pleaded guilty.

At Jawher's detention hearing, he and his counsel indicated that Jawher thought he was "legal" because of his long marriage to a United States citizen and his work permit. Jawher's immigration status was refuted by the government, but the government never called into question Jawher's *understanding* or *knowledge* of his immigration status. Whether Jawher had knowledge of his unlawful status did not matter at that time under the prevailing law. It now matters under Rehaif.

We have explained that, in felon-in-possession appeals, a Rehaif challenge will be hard to establish because, "[o]rdinarily, the Government will be able to point to evidence in the record demonstrating that a defendant knew he was convicted, preventing the defendant from showing a reasonable probability of a different outcome absent the error." United States v. Davies, 942 F.3d 871, 874 (8th Cir. 2019) (vacating a pre-Rehaif bench trial conviction under § 922(g)(1) where the appellant possessed a firearm after he had pleaded guilty to Iowa felonies but before he had been sentenced on those felonies, and was therefore able to show plain error); see also United States v. Williams, 776 F. App'x 387, 388 (8th Cir. 2019) (per curiam) (explaining that the defendant could not show a reasonable probability of a different outcome but for the error because he had served a fifteen-year sentence). The Second Circuit has made similar statements about Rehaif challenges to § 922(g)(5)(A) convictions:

> We can conceive of cases in which there would be a plausible argument that a Rehaif error had no impact on a defendant's conviction by a jury, or decision to plead guilty. It could be argued, for example, that a defendant who had crossed the border into the United States surreptitiously and without inspection, or who had previously been deported and warned that he could not reenter without the Attorney General's permission, would have no realistic defense that he in good faith believed that he was legally present in the United States.

United States v. Balde, 943 F.3d 73, 97 (2d Cir. 2019).

-6-

But this is a different kind of case. Jawher has shown a reasonable probability that the outcome would have been different. Jawher has been in the United States for well over a decade and entered legally. Although his visa lapsed, Jawher has been in regular contact with immigration authorities, multiple times petitioning for adjustment of status directly or through his wife. In his detention hearing, Jawher stated that he believed he was "legal" based on a work permit and his long marriage to a United States citizen. To be sure, Jawher was served with a Notice to Appear, but, since that is the equivalent of a charging document, it is unclear on this record what, if any, impact the Notice to Appear had on Jawher's subjective understanding of his status. And, after service of the Notice to Appear, USCIS interviewed Jawher and his wife based on her Petition for Alien Relative. Given the current state of the record, the government is unable to point to evidence that Jawher knew he was "illegally or unlawfully in the United States." At the very least, Jawher has established that he had reasonable grounds on which to contest his knowledge of his prohibited status to a jury.

Courts facing similarly close questions have decided in favor of the appellant on plain error review. See, e.g., Balde, 943 F.3d at 97; Davies, 942 F.2d at 874. Rule 11 is "meant to ensure that a guilty plea is knowing and voluntary." Frook, 616 F.3d at 775 (quoting United States v. Vonn, 535 U.S. 55, 58 (2002)). On this record, Jawher has established that at the time of his plea, he did not have full knowledge of the elements of the crime to which he was pleading guilty. Where, as here, the government needed to establish that Jawher knew about a collateral legal issue—being illegally or unlawfully in the country—Jawher has sufficiently established that but for the violation of Rule 11, there is a reasonable probability he would have gone to trial.[3] See Rehaif, 139 S. Ct. at 2198; Davies, 942 F.2d at 874.

---

[3]Relatedly, the government argues that Jawher cannot show plain error because the indictment also charged Jawher under § 922(g)(5)(B). However, the indictment does not cite to, or track the language of, that subsection. Therefore, we decline to further address this aspect of the government's argument.

-7-

Finally, as in <u>Rehaif</u>, this case raises concerns that a defendant without knowledge of his prohibited status under § 922(g) "may well lack the intent needed to make his behavior wrongful." <u>Rehaif</u>, 139 S. Ct. at 2197; <u>see also</u> <u>Davies</u>, 942 F.3d at 874. This is an unacceptable risk. We therefore conclude that the error here seriously affected "the fairness, integrity or public reputation of judicial proceedings." <u>Olano</u>, 507 U.S. at 732.

Based on the above, we vacate Jawher's plea and conviction. We remand for further proceedings consistent with this opinion. Jawher's sentencing arguments are moot.

_____